Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The legislature of Louisiana in 1850 passed an act authorizing each of the municipalities of the City of Hew Orleans to levy a tax on capital within its limits on the assessment rolls of 1848 and 1849, not to exceed the amounts imposed by existing ordinances. The present action was instituted to recover, in part, the amount of the tax levied under this act upon capital owned and employed by the defendant in one of the municipalities. As a defence the defendant, among other things, alleged the unconstitutionality of the act of the legislature authorizing the tax. The District Court, in which the action was brought, gave judgment for the city, and the Supreme Court of the State affirmed the judgment.
 

 The unconstitutionality of the act was asserted from its supposed retroactive operation, upon the notion that the prohibition of the Federal Constitution upon the States to pass an
 
 ex post facto
 
 law extended to all retrospective laws.
 

 There was nothing in the position taken which entitled it to consideration. In the first place the act was not subject to the imputation of being retrospective. . It did not operate upon the past, or deprive the party of auy vested rights. It simply authorized the imposition of a tax according to a previous assessment. In the second place, even if the law had been strictly retrospective, it would not have been within the constitutional inhibition.
 
 JEx post facto
 
 laws embrace only such as impose or affect penalties or forfeitures; they do not include statutes having any other operation. The term
 
 ex post facto,
 
 literally construed, would apply to any act
 
 *174
 
 operating upon a previous fact, yet the restricted sense stated is the one in which it has always been held. It was the sense in which it was understood at the time the Constitution was adopted, both in this country and in England.
 
 *
 

 Judgment aeeirmed.
 

 *
 

 1 Blackstone, 46; Calder
 
 v.
 
 Bull, 3 Dallas, 390.