Robb & Lowndes *vs.* Parker.

———

HEARD APRIL TERM, 1871.

ROBB & LOWNDES *vs.* PARKER.

Petition by defendant, a citizen of Michigan, to remove to the Circuit Court of the United States for the District of South Carolina, an action pending in the Circuit Court of the State, wherein a citizen of New York and a citizen of South Carolina were plaintiffs—the cause of action being a bond given by defendant to a citizen of South Carolina, and assigned by the latter to plaintiffs, and the matter in dispute exceeding the sum of $500, exclusive of costs: *Held,* that the Circuit Court of the United States for the District of South Carolina had no jurisdiction of the cause; and petition dismissed.

A cause is not removable, under the Judiciary Act of Congress of 1798, to a Circuit Court of the United States, unless the cause was originally cognizable by that Court.

A Circuit Court of the United States has no jurisdiction of a case unless each of the parties is competent to sue, or liable to be sued in that Court.

The Circuit Court of the United States for the District of South Carolina has no jurisdiction of an action against a citizen of Michigan, brought by two plaintiffs, one of whom is a citizen of New York, and it makes no difference that the other plaintiff is a citizen of South Carolina.

Upon questions of jurisdiction, under the Judiciary Act of Congress of 1798, depending upon citizenship, the Court, as a general rule, looks only to the parties to the record, and not to parties beneficially interested.

By an Act of the State of South Carolina, the assignee of a bond is the legal owner, and may sue thereon in his own name.

Where the assignees of a bond sue thereon in a State Court, in their own names as plaintiffs, the question whether the Federal Court has jurisdiction, depends upon the citizenship of the assignees, and not upon that of the assignor.

BEFORE GRAHAM, J., AT CHARLESTON, APRIL TERM, 1871.

Petition to remove a cause in the Circuit Court of the State, wherein James Robb and Charles T. Lowndes, Trustees, were plaintiffs, and John Parker was defendant, to the Circuit Court of the United States for the District of South Carolina.

As this is the first case of the sort to be found in the reports of the State, the proceedings are given in full.

The petition, after stating the names of the parties to the cause, plaintiffs and defendant, proceeded as follows:

*To the Circuit Court of the State of South Carolina,*
*for the County of Charleston :*

I. The petition of John Parker shows that an action has been brought in this Court against the petitioner, by the plaintiffs above named.

II. That this action is brought upon a bond executed by your petitioner, jointly and severally with George W. Parker and George H. Gale, and delivered to Theodore D. Wagner, whereby your petitioner bound himself in the sum of ten thousand dollars for the performance of the covenants of a lease, executed by said Theodore D. Wagner to George W. Parker, of a moiety of the Mills House, a hotel building in the city of Charleston, which said bond has been assigned to plaintiffs.

III. That the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, as appears by summons and complaint.

IV. That the plaintiffs in this action are C. T. Lowndes, a citizen of South Carolina, and James Robb, a citizen of New York. That the petitioner is a citizen of the State of Michigan.

V. That the assignor of the chose in action, under whom the plaintiffs in this action claim, is a citizen of the State of South Carolina.

VI. That the petitioner now does enter his appearance in this action, but has not done so heretofore.

VII. That he hereby offers good and sufficient security for his entering in the next Circuit Court for the District of South Carolina, on the first day of its session, copies of the process against him in this action, and also for his there appearing and entering special bail in the action, if special bail were originally requisite therein, according to the law and practice of the United States and its Courts.

Your petitioner therefore asks that the said cause may be removed for trial into the next Circuit Court, to be held in the district where the same is pending, to wit : into the next Circuit Court for the District of South Carolina, on 4th Monday in November next, at Columbia, pursuant to the provisions of the said statutes of the United States, in such case made and provided, and that this Court do accept the surety offered by your petitioner as aforesaid, and do proceed no further in the said cause, and for such further or other order or relief in the premises as may seem just.

The petition was signed by the petitioner and his attorneys, J. N. Nathans and Porter & Conner, and verified by the petitioner.

His Honor made the following order :

The defendant having this day entered his appearance in this cause, and at the same time filed a petition praying for a removal of this action to the Circuit Court of the United States, for the District of South Carolina, pursuant to the Act of Congress of the United States in such case provided, and offered the surety as therein provided by a bond now filed : It is ordered that the plaintiffs show cause on Thursday, 27th April, at 9½ A. M., at a special term of this Court, to be held at Charleston, why the prayer of the said petition should not be granted.

The following notice to the plaintiffs' attorneys was served on them :

Take notice, that upon the petition and appearance of the defendant, of which a copy is hereto annexed, and which were, on the 24th day of April, A. D. 1871, filed in this Court, and upon the bond of the petitioner and his sureties, a copy of which is also annexed, this Court will be moved at a special term thereof, to be held on Thursday, 27th instant, at 9½ A. M., that the petition be granted, and this cause be removed to the Circuit Court mentioned in the petition, and that this Court accept the surety offered, and proceed no further herein, and for such further and other relief as may be just.

The following is the condition of the bond, in the penal sum of $1,000, given by the petitioner and J. N. Nathans, as surety, and filed in the Clerk's office :

I. Whereas the above named James Robb and Charles T. Lowndes, trustees, have commenced an action in the Court of Common Pleas for Charleston County, State aforesaid, against the above bounden John Parker.

II. And whereas the said John Parker has entered his appearance in such action in said Court, and at the same time has filed his petition for the removal of the cause into the next Circuit Court, to be held on the fourth Monday in November next, at Columbia.

Now, therefore, the condition of the above obligation is such that if the said John Parker shall enter in said Circuit Court, on the first day of its session, copies of the process against him in said cause, and shall also then and there appear and enter special bail in the cause, if special bail was originally requisite therein, according to the law and practice of the United States and its Courts, then these presents and obligations shall be void, or otherwise to remain in full force.

The following is the final order made by his Honor the presiding Judge:

A petition having been filed by the defendant in this cause at the time of entering his appearance herein on the 24th day of April, 1871, praying for the removal thereof into the Circuit Court of the United States for the District of South Carolina, pursuant to the Statutes of the United States, in such case made and provided ; and the said petitioner having offered good and sufficient security, pursuant to the directions of and as required by the said statute, now, on motion of J. N. Nathans and Porter & Conner, of counsel for the petitioner, and after hearing Messrs. Magrath & Lowndes, the counsel for the plaintiffs, it appears to the satisfaction of this Court that the present suit is commenced in this Court by citizens of South Carolina against the citizen of another State, and that the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs.

And it is hereby further declared and ordered, that this Court accepts the surety offered by the petitioners, and that the said cause be removed for trial into the next Circuit Court of the United States for said District of South Carolina, pursuant to the said statutes; and that this Court do proceed no further therein, and that all proceedings in this Court in the said cause be and the same are hereby stayed.

The plaintiffs appealed on the following grounds:

I. That under the laws of the United States the said order of removal ought not to have been made.

II. That one plaintiff being a citizen of the State of New York and the defendant a citizen of the State of Michigan, the Circuit Court of the United States in the State of South Carolina has not jurisdiction of the cause.

III. That the bond filed in the cause is insufficient, because the surety thereon is an attorney of the Courts of South Carolina.

*Magrath & Lowndes,* for appellants :

The chief question in the case is this :

Can an action, brought in the State Court of South Carolina, by a citizen of New York and a citizen of South Carolina, against a citizen of Michigan, who was found in the State of South Carolina at the time of serving the process, be removed to the Circuit Court of the United States, for the District of South Carolina ?

I. The case is to be governed by the provisions of the 12th Section of the Act of 1789.

II. Under this Section such cases only are removable from the State Court to the Circuit Court of the United States, as might, under the laws of the United States, have been brought before the Circuit Court of the United States by original process.

III. The Circuit Court of the United States has not jurisdiction of an action in which one plaintiff is a citizen of the State where the action is brought and the other plaintiff a citizen of another State.

I. The Act of 27th July, 1866, relied on in the argument for the defendant, § 1, 14 Stat., 306, by its terms applies—

1st. To actions against an alien and a citizen of the State where the action is brought.

2d. To actions by a citizen of the State in which the action is brought, against a citizen of another State and a citizen of the State in which the action is brought.

The Act of March 2d, 1867, § 1, 14 Stat., 558, also relied on for defendant, applies to actions between a citizen of the State in which the action is brought, and a citizen of another State, when one of the parties will make and file in the State Court an affidavit, stating that he has reason to and does believe that from prejudice or local influence, he will not be able to obtain justice in the State Court.

The provisions of these statutes have no direct bearing on the case under discussion, and do not, even by implication, enlarge the jurisdiction of the Circuit Court of the United States.

II. "If a suit be commenced in any State Court against any alien, or by a citizen of the State in which the suit is brought, against a citizen of another State, and the matter in dispute exceeds the aforesaid sum of $500, exclusive of costs, to be made to appear to the satisfaction of the Court, and the defendant shall, at the time of his entering his appearance in such State Court, file a petition for the removal of the cause for trial into the next Circuit Court, to be held in the District where the suit is pending, and offer good and sufficient surety for his entering in such Court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the State Court to accept the surety and proceed no further in the cause, and any bail that may have been originally taken shall be discharged, and such copies being entered as aforesaid in such Court

of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process.—Act 1789, 1 Stat., 79, § 12.

"If this suit could not have been maintained under the 11th Section of the Judiciary Act, (Act 1789) if it had originated in this Court, it cannot be removed to this Court under the 12th Section, so as to subject the party to the jurisdiction of this Court."— *Beardsley* vs. *Torrey*, 4 Wash. Cir. R., 286.

"Looking to the 11th and 12th Sections of the Act, (1789,) as to this point (*i. e.*, of jurisdiction) it seems absolutely impracticable to make any solid distinction between them."—Story, J., *Smith* vs. *Rines, et al.*, 2 Sumn., 346.

III. "The Circuit Courts shall have original cognizance, concurrent with the Courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen of the State where the suit is brought and a citizen of another State. * * * And no civil suit shall be brought before either of the said Courts against an inhabitant of the United States, by any original process in any other District than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ; nor shall any District or Circuit Court have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such Court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange.—Act 1789, 1 Stat., 78, § 11.

Under the terms of the Act, it is clear that Robb, if the only plaintiff, could not have brought this action.—*Shute* vs. *Davis*, Pet. C. C., 431. Could he have done so with Lowndes, the other plaintiff?

"The Court understands these expressions, *i. e.*, the *suit is between a citizen of the State where the suit is brought and a citizen of another State*, to mean, that each distinct interest should be represented by persons, *all of whom* are entitled to sue, or may be sued in the Federal Courts.—*Strawbridge* vs. *Curtis*, 3 Cr., 267.

This principle has been uniformly maintained.—*New Orleans* vs. *Winter*, 1 Wheat., 91; *Cameron* vs. *Roberts*, 3 Wheat., 596.

"It is a well settled rule, and, indeed, has not been denied by the defendant's counsel, that when the jurisdiction of this Court depends

on the character of the parties, and such party, either plaintiff or defendant, consists of a number of individuals, each must be competent to sue in the Courts of the United States."— *Ward* vs. *Arredondo*, 1 Paine Cir., 410.

In *Smith* vs. *Rines,* just quoted above, the cause which had been removed to the Circuit Court was remanded, because *some* of the parties were not subject to the jurisdiction.

" It is clear that no suit can be removed from the State Court by either party, where some of the parties, plaintiffs or defendants, *are citizens of the State where the suit is brought, and the others of a different State."— Wilson* vs. *Blodget,* 4 McLean, 363.

" If the jurisdiction depend on the character of the parties complainant, and they consist of a number of individuals, every one of them must be competent to sue."—*Adams* vs. *Douglass,* McCabon, 235.

" The citizenship of each individual must be such as to make the suit removable. *Brightley's Digest,* quoting—*Hubbard* vs. *Northern R. R. Company,* 25 Verm., 715 ; *Board of Missions* vs. *McMaster,* 4 Am. L. R., 529 ; *Welch* vs. *Tennent,* 4 Cal., 203.

The argument was urged that this case can be removed because it could have been removed if it had been brought by the assignor of the plaintiffs. The answer is that there can be no removal where there could not have been original jurisdiction, and this argument would prevail only, if it can be shown, (what is not pretended,) that the plaintiffs could have originally brought their suit in the Federal Court, because their assignor could have done so.

In *Bushnell* vs. *Kennedy,* 9 Wal., 387, the right of removal was sustained, although there was no allegation that the *assignors* of the plaintiffs could have sued in the Federal Court. But in that case the suit as regards *citizenship* of the parties could have been well brought in the Federal Court, and the only principle established was that the limitation or jurisdiction imposed in cases of assignment by the eleventh Section of the Act does not apply to cases under the twelfth Section. Its purpose, says the Court, was under the eleventh Section to prevent frauds on the jurisdiction, but it has no office in the twelfth Section. The Court decides nothing as to the other restriction upon jurisdiction arising out of citizenship, and leaves the law on that point unchanged. In fact, the twelfth Section, in express terms, imposes that restriction.

The other question in the case is whether an attorney of the State

Court is "good and sufficient surety." Rule X, Rules of Practice, it is submitted, decides the question in the negative.

*Porter & Conner*, contra :

Robb and Lowndes are assignees of Wagner.

Wagner is a citizen of South Carolina.

Parker is a citizen of Michigan.

If the suit were by Wagner *vs.* Parker, the right to sue in United States Courts would be clear, and the right of removal to United States Court would be clear.

Is the right lost because suit is in name of assignee, instead of in name of assignor ?

Under the 11th Section of Judiciary Act, the assignor of a chose in action not negotiable is to be deemed the party plaintiff, and if he is competent to sue the defendant, the United States Court has jurisdiction.—*Irvine* vs. *Lowry*, 14 Pet., 292.

The question always is, who are the real parties in interest ?— *Smith* vs. *Kernochen*, 7 How., 216 ; *McNutt* vs. *Bland*, 2 How., 15 ; *Sheldon* vs. *Sill*, 8 How., 441.

The Courts have jurisdiction in a case between citizens of the same State, if the plaintiffs are only nominal plaintiffs for the use of an alien.—*Brown* vs. *Strode*, 5 Cr., 303.

The real party in interest is the assignor.

The assignee can have no greater rights than his assignor had.— *Sere* vs. *Pitot*, 6 Cr., 335.

One of the rights existing at time of the contract was the right to be sued in United States Court.

The creditor cannot, by assignment, deprive defendant of this right, and select the forum.

The right of assignee to sue is by statute of South Carolina, 1798, (5 Stat., 330.)

At common law, action would have to be in name of obligee of the bond.

The Act only *authorizes* assignee to sue in his own name.

And the result, that whether the suit is to be in the United States Court or State Court, depends upon whether the assignee sues in his own name or in name of assignor, and the jurisdiction depends not on the real interest, but on the technical mode of proceeding.

Suppose they sued " T. D. Wagner for the use of C. T. Lowndes and Jas. Bobb," then the case of Irvine and Lowry is exactly in point.

Sept. 15, 1871. The opinion of the Court was delivered by

Moses, C. J. Robb, a citizen of New York, and Lowndes, a citizen of South Carolina, brought their action in the Circuit Court, for the County of Charleston, against Parker, a citizen of Michigan, as assignees of a bond executed by Parker to Wagner, who is a citizen of South Carolina.

Parker (at the time of his appearance) filed a petition in the said Court, praying that the cause may be removed for trial into the next Circuit Court of the United States, to be held in the District where the same was pending, pursuant to the statutes of the United States in such case made and provided. The order having been granted by the presiding Judge of the Circuit Court of the said County of Charleston, the plaintiffs, by appeal, move this Court for its reversal, and among the grounds is the following:

"That one plaintiff being a citizen of the State of New York, and the defendant a citizen of the State of Michigan, the Circuit Court of the United States, in the State of South Carolina, has not jurisdiction of the cause."

By the eleventh Section of the Judiciary Act, (1 Stat., 78,) it is provided, "that the Circuit Courts shall have original cognizance, concurrent with the Courts of the several States, of all suits of a civil nature at common law, or in equity, where the matter in dispute, exclusive of costs, exceeds the sum or value of $500, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State." The jurisdiction so conferred is controlled by a limitation, which denies "cognizance of any suit to recover the contents of any promissory note, or other chose in action, in favor of an assignee, unless a suit might have been prosecuted in such Court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange."

The twelfth Section of the same Act provides for the removal of causes from State Courts, by the following enactment: " That if a suit be commenced in any State Court against an alien, or by a citizen of the State in which the suit was brought against a citizen of another State, and the matter in dispute exceeds the aforesaid sum of $500,     *     *     *     and the defendant shall, at the time of entering his appearance in such State Court, file a petition for the removal of the cause for trial into the next Circuit Court to be held in the District where the suit is pending,     *     *     it shall then be the duty of the State Court to accept the surety

and proceed no further in the cause; and the cause shall then proceed in the same manner as if it had been brought there by original process."

The petition must be considered as claiming the removal of the cause from the Circuit Court of the State to that of the United States, under the said twelfth Section, because there is no averment in his petition, which can bring its prayer within any of the provisions of the other Acts of Congress in relation to the same subject-matter.

The eleventh Section of the Act of 1798 defines the jurisdiction of the Circuit Courts, and it would seem to be a proposition too evident by its mere announcement to require the support of argument, that no cause could by virtue of the twelfth Section be transferred from a State to a Circuit Court, which was not originally cognizable in such Court.

The same principles which govern its jurisdiction, under the eleventh Section, regulate the right of removal under the twelfth.

The case of *Bushnell* vs. *Kennedy*, 9 Wal., 387, holds that the limitation of jurisdiction impossed by the eleventh Section of the Act, in cases of assignment, does not apply to causes under the twelfth Section. This is a different construction from that which had theretofore been supposed to be given by the Supreme Court. It has, however, no application to the matter submitted for our judgment, because Wagner, while he held the bond, could have sued Parker in the Court of the United States. It may be of significance in one regard, and that is, that the Court which is of final authority in questions of this character, in the construction of the statutes which regulate the jurisdiction of the Circuit Courts, is more disposed to make the citizenship of the parties before such Courts, the test, than that of those who may have an interest in the issue involved, but yet are not in the cause, either seeking to enforce rights as plaintiffs, or resisting demands as defendants.

It has been held in various cases that only such parties as by original process might have been brought before the Circuit Court are removable to it from the State Court, under the said 12th Section.—*Smith* vs. *Rines*, 2 Sum., 238; *Beardesly* vs. *Torrey*, 4 Wash. Cir. Rep., 286; *Wilson* vs. *Blodgett*, 4 McLean, 363.

The Federal Courts have no jurisdiction, unless each of the parties be competent to sue, or liable to be sued, in those Courts.—*New Orleans* vs. *Winter*, 1 Wh., 91; *Ward* vs. *Arredondo*, Paine, 410; *Coal Company* vs. *Blatchford*, 4 Wall., 172.

Chief Justice Marshall, delivering the opinion of the Court, in *Strawbridge et al.* vs. *Curtiss et al.*, 3 Cranch, 267, said : "The words of the Act of Congress are, 'where an alien is a party, or the suit is between a citizen of a State where the suit is brought and a citizen of another State.' The Court understands these expressions to mean that each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued in the Federal Court ; that is, that where the interest is joint each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those Courts."

The argument on the part of the petitioner is, that under the 11th Section of the Judiciary Act, the assignor of a chose in action not negotiable is to be deemed the party plaintiff, and if he is competent to sue the defendant the United States Court has jurisdiction.

This proposition not only so connects the 11th and 12th Sections as to make them indivisible, in the face of the ruling in *Bushnell* vs. *Kennedy*, but subjects the rights of the assignees to the relation which the assignor once bore to the instrument, although by the assignment he has parted with his interest by an absolute transfer. It is also urged that the question always is, who are the real parties in interest ? In responding to that question, is the Court to look beyond the record, and extend its inquiry outside of the facts which the brief before it presents ?

It is not difficult to understand, in *Brown* vs. *Strode*, 5 Cranch, 303, and *McNutt* vs. *Bland*, 2 How., 10, where it appeared by the pleadings who were the real parties in interest, how the Court sustained the jurisdiction, though the suits were in the name of a nominal plaintiff of the same State as that of which the defendant was a citizen. It was because, by positive law, the real parties could not use their own names, but were obliged to sue in those of a public officer, who had no interest in, or control over, the case.

The character of the parties must in general be ascertained by the record. What rights or interests did Wagner, so far as appears by the pleadings, have in the bond ? The assignment transferred whatever he so had therein to Robb & Lowndes, and the Act of 1798, 5 Stat. at Large, 330, empowered them to bring suits in their own names, reserving to the obligor any discount or defence which he would be entitled unto, had the action been brought in the name of the obligee. The plaintiffs in the suit below had the legal right to the bond. Our Act of 1798 "turned the right of the assignee of such an instrument as the Act relates to from an equitable to a legal

right, so as to enable him to sue in his own name."—See *Jervay* vs. *Strauss*, 2 Rich., 382.

Such has always been considered by our own Courts the effect of an assignment under the Act. Wagner and Lowndes thus appear in the action with the legal title and the right to sue in the State Courts; and yet it is contended that although they are themselves incapable of suing in the United States Courts, they can be transferred to that jurisdiction because their assignor, if he had retained the bond, might have there brought action upon it.

Can the right of action by these plaintiffs in the United States Court be determined by the relation which Wagner, the assignor, bore to the defendant Parker? What control could Wagner exercise over the suit if it was removed as prayed? So far as appears by the record, he did not originate it, cannot discontinue it, or otherwise direct the course of its proceedings. Without the ordinary power of a plaintiff over his own suit, his relation to the cause is to be regarded so potential, that it is actually to be the test through which its cognizance by the Courts of the United States is to be determined.

Does the Judiciary Act, in regulating the jurisdiction of the Circuit Courts as between citizens of different States, depend on the character of those having the real interest, or of those who are the parties directly before them? Let the clear and emphatic language of Chief Justice Marshall, in *Osborne* vs. *The Bank of the United States*, 9 Wheat., 856, decide: "The judicial power of the Union is also extended to controversies between citizens of different States; and it has been decided that the character of the parties must be shown on the record. Does this provision depend on the character of those whose interest is litigated, or of those who are parties on the record? In a suit, for example, brought by or against an executor, the creditors or legatees of his testator are the persons really concerned in interest; but it has never been suspected that if the executor be a resident of another State, the jurisdiction of the Federal Courts would be ousted by the fact that the creditors or legatees were citizens of the same State with the opposite party. The universally received construction is, that jurisdiction is neither given or ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record. Why is this construction universal? No case can be imagined in which the existence of an interest out of the party on the record is more unequivocal than in that which has been just

stated. Why, then, is it universally admitted that this interest in no manner affects the jurisdiction of the Court? The plain and obvious answer is, because the jurisdiction of the Court depends, not upon this interest, but upon the actual party on the record."

Holding that the 12th Section of the Act of 1798 does not include the parties to the cause, the motion is granted, and it is ordered and adjudged that the order of the Circuit Court be reversed and annulled.

*Willard*, A. J., *and Wright*, A. J., concurred.