186 So.2d 280 (1966)
Clement K. HEBERLE, Appellant,
v.
P. R. O. LIQUIDATING COMPANY, Formerly Known As Profexray, Incorporated, an Illinois Corporation, and Anderson Surgical Supply Co., Appellees.
No. H-200.
District Court of Appeal of Florida. First District.
May 10, 1966.
*281 Raymond, Wilson, Karl & Conway, Daytona Beach, for appellant.
Green & Strasser, Daytona Beach, for appellees.
RAWLS, Chief Judge.
Plaintiff Heberle has filed this interlocutory appeal from an order quashing service of process on defendant P.R.O. Liquidating Co., an Illinois corporation.
In 1950 Heberle, as osteopathic physician, purchased a median powered X-ray therapy machine and used the same in the practice of his profession until about May 5, 1961 when he discovered that he had been subjected to excessive radiation due to lack of proper shielding in the control booth of the machine. Heberle brought this action in two counts, one in implied warranty and one in negligence, against Anderson Surgical Supply Co., the seller of the machine, and against P.R.O. Liquidating Co. the manufacturer. The complaint alleged that P.R.O. was a foreign corporation which was at all times material to the complaint engaged in the State of Florida in the business of selling, distributing, installing and servicing these machines.
Service of process upon P.R.O. was attempted by serving the Secretary of State in accordance with Section 47.16, Florida Statutes, F.S.A. Upon motion the trial judge quashed this service of process primarily on the grounds that Section 47.16 had not been enacted as of the date plaintiff's cause of action arose and said statute is not retroactive.
The point briefed and argued by the parties on appeal is, whether the plaintiff may serve P.R.O. under Section 47.16, Florida Statutes, F.S.A., which was not a law at the time the X-ray machine was sold to the plaintiff, but which did become law before the institution of this action.
*282 Appellee P.R.O. takes the position that the cause of action, if any, accrued in February, 1950; that the Long Arm Statute (Section 47.16) was not enacted until 1951; and that obtaining service on a complaint filed in 1965 under the provisions of the said statute was an illegal retroactive application of the law. P.R.O. concedes that there are no Florida cases holding that the statute here in question could not be applied retroactively but it contends that the rule should have the same application here as it does in those cases which construe similar statutes providing for substituted service of process upon nonresident motor vehicle owners and operators.
At the outset it will be noted that the type of statute here involved has been determined by almost all courts considering the question to be a remedial or procedural statute as distinguished from one granting a substantive right. Procedure is the machinery for carrying on the suit, including pleading, process, evidence and practice. The means of acquiring jurisdiction is part of the machinery to be employed in obtaining redress for a violation of one's substantive rights. There is generally no vested right in any particular remedy or method of procedure.[1] Our Supreme Court apparently adopted the view that process was part of the procedure when it stated in Ake v. Chancey:[2]
"In our view, the 1941 Constructive Service Statute was intended to cover those causes arising or commenced subsequent to its effective date and that any cause instituted prior thereto be continued under the law in force at the time."
A strict rule of statutory construction indulged in by the courts is the presumption that the legislature, in the absence of a positive expression, intended statutes or amendments enacted by it to operate prospectively only, and not retroactively. A law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past.[3]
Both parties agree that the general rule against retrospective operation of statutes has a well known exception recognized in Florida. This exception is succinctly stated in City of Lakeland v. Catinella thusly:[4]
"Remedial statutes or statutes relating to remedies or modes or procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule gainst retrospective operation of statutes. Cunningham v. State Plant Board of Florida, Fla.App. 1959, 112 So.2d 905, certiorari denied Fla., 115 So.2d 701."
The statute in question being in the nature of a remedial or procedural act would fall within the exception to the general rule provided the statute is in furtherance of a remedy already existing.
This leaves the crucial question of whether this statute should be given retrospective application under the facts of this cause. Long before this cause of action accrued the legislature of the State of Florida had enacted Section 48.02, Florida Statutes, F.S.A., which provided for constructive service of process by publication upon foreign corporations engaged in business within the state. By engaging in business *283 in the State of Florida, a foreign corporation impliedly consented to such method of obtaining jurisdiction by one instituting suit in the state courts.[5] By like token, can it be said that such implied consent extends to a different method of securing constructive service even to a period of time after the corporation has ceased to do business in the state? We think not. The trial judge found in the order appealed that there was no showing that the defendant had so engaged in business since the enactment of the statute, and the parties on this appeal did not take issue with that finding. Accordingly, the trial judge's order quashing the service of process is affirmed, with directions to grant leave to the plaintiff to further amend.
CARROLL, DONALD K. and JOHNSON, JJ., concur.
NOTES
[1] Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686 (1953); Black's Law Dictionary for definition of procedure.
[2] Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943).
[3] Black's Law Dictionary, 3rd Ed.
[4] City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961)
[5] See Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6 (1956), for an excellent discussion of the implied consent theory.