QUESTION:
Does the Florida Elections Commission have authority to act with respect to violations of Ch. 73-128, Laws of Florida, which occurred prior to the appointment and qualification of the members of said commission?
SUMMARY:
The Florida Elections Commission has authority to consider and act upon violations of Ch. 73-128, Laws of Florida, from and after the effective date of the act (June 7, 1973), including violations which may have occurred after the act become an operative law but prior to the appointment and qualification of the members of the commission and its organization according to law.
The Florida Elections Commission established by s. 106.24(1), F.S., is required to convene "at the call of its chairman or at the call of the department of state" [ss. 106.24(3) and 106.25(2), F.S.], and is authorized to consider allegations of violations of the act presented to it by the secretary of state or his designee, as well as allegations of such violations which come to its attention from other sources [s. 106.25(2) and (3), F.S.]. It is clear that the authority of the Florida Elections Commission is limited to violations of Ch. 73-128, supra, because of the strict rule of statutory construction that in the absence of a legislative expression to the contrary, statutes should be construed to operate prospectively only and not retroactively. Heverle v. P.R.O. Liquidating Co., 186 So.2d 280, 283 (1 D.C.A. Fla., 1966); City of Miami v. Board of Public Instruction of Dade County, 72 So.2d 901 (Fla. 1954). However, there is no statutory provision or rule of construction which limits the authority of the commission with respect to such violations as may have occurred after the time that Ch. 73-128, supra, became an operative law (June 7, 1973), but prior to the appointment and qualification of the members of the commission and its organization according to law.
The general rule, as stated in 67 C.J.S. Officers s. 110, is that
". . . the duties imposed by law on public officers are functions and attributes of the office, and not of the officer; they remain although the incumbent dies or is changed, and are to be performed by the incumbent although they may have been left undone by the predecessor."
Similarly, the powers and other incidents of office are vested in the office and not in the officer, are continuous in nature, and remain even though the incumbent changes — or even when there is no incumbent. See 67 C.J.S. Officers s. 1; also see generally Dade County v. State, 116 So. 72 (Fla. 1928); State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897). Such duties, powers, and incidents of office devolve upon the officer or incumbent when duly appointed or elected and qualified and remain with him so long as his tenure continues.
Thus, the authority, duties, and responsibilities of the Florida Elections Commission existed from the first moments of June 7, 1973, the effective date of the act. Upon the filling of the vacancies in office and the organization of the commission, the commissioners were empowered to act upon and dispose of all allegations of violations of the act.
For the foregoing reasons I am of the view that the Florida Elections Commission has the authority to consider and act upon allegations of violations of Ch. 73-128, supra, from and after the effective date of the act, irrespective of whether any such violations took place before or after the appointment and qualification of the members of the commission and its organization pursuant to law.