QUESTION:
Does s. 42 of C.S. for S.B. 1181 (Ch. 77-468, Laws of Florida, s. 318.22, F. S. 1977) require the assessment and collection of an additional civil penalty or fine for the conviction of certain violations where the violation itself occurred prior to the effective date of the act, or does it require the collection of such an additional civil penalty for those violations which occurred on or after the effective date of the act?
SUMMARY:
Under either the prohibition against ex post facto laws contained in the Federal and State Constitutions, or the statutory construction rule against retroactive application of statutes, and pending judicial clarification, the `additional civil penalties or fines' provided for in s. 42 of Ch. 77-468, Laws of Florida, for violation of one of the traffic laws specified in s. 42, should not be collected from a driver whose offense occurred before July 1, 1977. The additional penalty should be collected only from drivers convicted on and after July 1, 1977, of violations occurring on and after July 1, 1977, which date is the effective date of s. 42.
Section 42 of Ch. 77-468, Laws of Florida (C.S. for S.B.'s 1181, 925 792, s. 318.22, F. S.), which section took effect July 1, 1977, creates a `Good Drivers' Incentive Fund' whereby distributions are to be made to eligible drivers beginning July 1, 1978. Such distributions are to be funded through imposition of `additional civil penalties or fines' when a driver is convicted of one of a number of specified moving traffic violations. Section 42(4)(a) provides:
(4) On and after the effective date of this act:
 (a) Any driver convicted of a moving traffic violation shall be assessed an additional civil penalty or fine of $30 in addition to the amount normally levied for such conviction. For purposes of this section the term `moving traffic violation' means an infraction of ss. 316.029, 316.030, 316.040, 316.053, 316.054, 316.055, 316.056, 316.0565, 316.057(9), 316.061, 316.081, 316.082, 316.083, 316.084, 316.085, 316.086, 316.087, 316.088, 316.089, 316.090, 316.091, 316.092, 316.094, 316.095, 316.096, 316.098, 316.100(1), 316.102, 316.104(2) or (4), 316.107, 316.108, 316.109, 316.110, 316.1105, 316.113, 316.121, 316.122, 316.123, 316.125, 316.126(1) or (3), 316.133, 316.134, 316.138, 316.139, 316.151, 316.152, 316.153, 316.154, 316.155, 316.157, 316.158, 316.159, 316.162, 316.181, 316.182, 316.183, 316.184, 316.185, 316.186, 316.196, 316.197, 316.198, 316.205, 316.206, 316.217, 316.236, 316.238, 316.2431, or 339.30(1)(a), (b), (c), (d), (g), or (h). (Emphasis supplied.)
Section 42(4)(b) similarly assesses an `additional civil penalty or fine of $200' upon conviction of violation of s. 316.028 (driving under the influence of intoxicants).
I am of the opinion that both the prohibition against enactment of ex post facto laws (proscribed by s. 10, Art. I, U.S. Const., and s. 10, Art. I, State Const.) and the presumption against retroactive application of laws (a fundamental rule of statutory construction) make it advisable that the additional penalty imposed by s. 42 of Ch. 77-468, Laws of Florida, be applied only to those persons convicted on and after July 1, 1977, ofviolations occurring on and after July 1, 1977.
Section 10, Art. I, U.S. Const., provides in pertinent part that `No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . .' Section 10, Art. I of Florida's Constitution similarly provides: `No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed.' (A similar prohibition applies to Congress pursuant to s. 9, Art. I, U.S. Const.) In Wilensky v. Fields, 267 So.2d 1, 5 (Fla. 1972), the ex post facto prohibition was described as follows:
 An ex post facto law is `one which, in its operation, makes that criminal which was not so at the time the action was performed, or which increases the punishment, or, in short, which in relation to the offense or its consequences alters the situation of a party to his disadvantage.' Higginbotham v. State (Fla. 1924) 88 Fla. 26, 101 So. 233. (Emphasis supplied.)
The following definition was provided by the United States Supreme Court in Beazell v. Ohio, 269 U.S. 167, 169 (1925):
 . . . any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was commited, is prohibited as ex post facto. (Emphasis supplied.)
(See the recent decision of the United States Supreme Court in Dobbert v. Florida, Case No. 76-5306, decided June 17, 1977, for the most recent interpretation of the federal ex post facto prohibition, as applied to changes in procedural matters.)
I would note here that some doubt might be cast on the application of the ex post facto prohibition as to imposition of the additional penalty for violation of the sections listed in s. 42(4)(a). While s. 316.028, F. S., listed separately in s. 42(4)(b), is punishable by imprisonment and is unquestionably a `criminal' statute (and thus clearly falls within the above ex post facto definitions), the sections set forth in s. 42(4)(a) are designated in Ch. 318, F. S., as `noncriminal' infractions punishable by `civil' penalties. Section 318.13(3), F. S. (1976 Supp.). (Section 316.028 is expressly excluded from the decriminalization provisions of Ch. 318 by s. 318.17, F. S. [1976 Supp.].) However, the fine applicable to such an infraction must be deemed a penalty or punishment for commission of a proscribed act, and thus such infractions must be considered at least penal in nature, even if expressly designated as `noncriminal.'
As is stated in 70 C.J.S. Penal, p. 386, `The word `penal' is one of the most elastic known to the law, and has many different shades of meaning.' It is generally defined as any law imposing a penalty. That a criminal law is always a penal law, but that the converse need not necessarily follow, was emphasized by the court in State v. Lowry, 230 A.2d 907, 913 (N.J. 1967): "Penal' is inherently a much broader term than `criminal,' since it pertains to any punishment or penalty and relates to acts which are not necessarily delineated as criminal.' Since s. 42, by its terms, imposes an additional `penalty,' it is thus a penal statute as are the `infractions' listed in paragraph 4(a), even if such are notcriminal statutes. Earlier expressions of the United States Supreme Court on the subject of ex post facto laws used the broader term `penal' along with the narrower term `criminal.' See
Calder v. Bull, 3 Dall. 386 (1978); and Locke v. New Orleans, 4 Wall. 172 (1866). (It appears the various discussions of the limitation of the ex post facto prohibition to criminal or penal laws have been primarily aimed at distinguishing cases where a law is retroactive, but relates to a civil matter and does not constitute `punishment' per se. In such cases, other constitutional prohibitions would then become relevant, such as that against impairment of contracts.) However, see Bankers' Trust Co. v. Blodgett, 260 U.S. 647 (1923); and Surf Club v. Tatem Surf Club, 10 So.2d 554 (Fla. 1942), wherein application of the ex post facto prohibition was rejected because the actions complained of were found not to have been punishment for criminal violations.
However, even if it were to be ruled by a court that the infractions listed in s. 42(4)(a) are not subject to the ex post facto prohibition, my opinion would remain the same because of the rule of statutory construction that statutes (other than curative or remedial measures) are presumed to operate only prospectively from the effective date. In Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521, 524 (Fla. 1973), the Florida Supreme Court stated:
 A statute will be construed as prospective only unless the intention of the Legislature to give it a retroactive effect is expressed in language too clear and explicit to admit to reasonable doubt.
In accord: Foley v. Morris, 339 So.2d 215 (Fla. 1976); Yamaha Parts Distributions Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975); Inre Seven Barrels of Wine, 83 So. 627 (Fla. 1920). In Heberle v. P.R.O. Liquidating Company, 186 So.2d 280, 282 (Fla. 1966), it was stated:
 A law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past. (Emphasis supplied.)
That the rule against retroactive application is applied in an especially strict manner as to laws imposing new penalties or obligations was noted by the court in Larson v. Independent Life 
Accident Ins. Co., 29 So.2d 448 (Fla. 1947), wherein it was stated that `[a]cts which create new obligations and impose new penalties, have been more rigidly construed as being governed by this rule.'
Thus, it is my opinion that, pending judicial ruling to the contrary, the `additional civil penalties or fines' provided for in s. 42 of Ch. 77-468, Laws of Florida, should be collected only from those drivers convicted on and after July 1, 1977, of specified violations occurring on and after July 1, 1977. The additional penalty should not be applied where a driver is convicted on or after July 1, 1977, based on a violation which occurred before July 1, 1977.
Prepared by: Jerald S. Price Assistant Attorney General