KEHOE, Judge.
Appellants, plaintiffs below, bring these consolidated appeals from a final summary judgment in favor of appellee, defendant below. Among the several points raised on appeal by appellants and on cross-appeal by appellee is one which requires reversal.
The pertinent facts in this matter may be summarized as follows: Appellants’ complaint for declaratory judgment and injunction alleges that they purchased their water from the City of Miami Beach which in turn purchases the water from the Metro-Dade Water & Sewer Authority under a written contract between the City of Miami Beach and the predecessor of the Authority. There is no contract between appellants and the City of Miami Beach, but appellants have been adjudicated to be third party beneficiaries of the contract between the City of Miami Beach and the predecessor of the Authority. City of Miami Beach v. City of North Bay Village, 313 So.2d 126 (Fla. 3d DCA 1975).
The City of Miami Beach set the rates for the water it obtained from the Authority, and in turn sold it to Appellants. City of Miami Beach Ordinance No. 1936, enacted *390 October 1, 1972, raised the rates from 25 cents to 33 cents per thousand gallons. This raise of rates was the subject of the action cited above, 313 So.2d 126. The judgment in that action held that the raised rates were invalid, but that the City of Miami Beach could affect a change of rates, after a hearing, based on reasonable cost of the water. Pending the outcome of the litigation, pursuant to the court order, appellants deposited the 8 cents difference between 25 cents and 33 cents in an approved escrow account.
On September 3, 1975, the Board of County Commissioners of Metropolitan Dade County adopted Ordinance No. 75-68 giving the Metro Dade Water & Sewer Board authority over water rates imposed by a municipality supplying water to another municipality. Although the complaint alleged that the Board’s ordinance was held void by the Circuit Court, that judgment has been reversed by this court holding that the ordinance is valid. State v. Metropolitan Dade County Water and Sewer Board, 347 So.2d 699 (Fla. 3d DCA 1977) (cert. pending). Beginning on September 3, 1975, after the passage of this Ordinance, the City of Miami Beach held a hearing to determine the water rate to be charged appellants. Thereafter, on October 1, 1975, the City of Miami Beach passed an ordinance providing for a rate of 48 cents (all rates are per one thousand gallons) consisting of 41 cents representing reasonable cost of water and 7 cents representing retroactive payments to be charged appellants. The effective rate to this point had been 25 cents with appellants paying 8 cents into an agreed upon escrow account to cover the difference between 25 cents and 33 cents, the 33 cent rate having been declared void and later repealed on October 1, 1975.
On December 17, 1975, the City of Miami Beach passed Resolution No. 75-14904 described as follows:
A RESOLUTION FINDING AND DETERMINING, PURSUANT TO COURT ORDER, THAT 48 CENT RATE PER 1,000. GALLONS WATER IS A FAIR AND REASONABLE RATE TO BE CHARGED BY THE CITY OF MIAMI BEACH TO OUTSIDE MUNICIPAL CUSTOMERS: AND DIRECTING THE CITY ATTORNEY TO TAKE NECESSARY LEGAL ACTION TO COLLECT ESCROW FUNDS, AND TO OBTAIN A JUDGMENT FOR THE DIFFERENCE BETWEEN THE 33 CENT RATE AND 48 CENT RATE FROM OCTOBER 1, 1972 to NOVEMBER 1, 1975
This Resolution was never acted upon. Subsequently, on October 20, 1976, the City of Miami Beach passed Ordinance No. 76-2078 setting a retroactive rate of 43 cents for water delivered to appellants for the period from October 1, 1972 (when the rate was raised from 25 cents to 33 cents) to September 30, 1975 (the 48 cent rate was supposed to be effective October 1, 1975). It is this latter Ordinance which is the subject of the instant case. The complaint alleged that it was arbitrary, unreasonable, and void; and sought a declaratory judgment holding that it was void and that the water rates be determined by the Miami Dade Water & Sewer Board.
The City of Miami Beach filed an answer admitting passage of the various water rates and denying other material allegations of the complaint. Affirmative defenses not material to this appeal were also interposed. The City of Miami Beach also filed a counterclaim for judgment against North Bay Village and Village of Bal Harb-our for the water used from October 1, 1972, to September 30, 1975, at the 43 cent rate.
The City of Miami Beach made a motion for summary judgment and appellants made a countermotion for summary judgment. Appellants also made a motion to dismiss the counterclaim of the City of Miami Beach on the grounds that it lacked jurisdiction to enforce the 43 cent rate without complying with Dade County Ordinance 75-68 and because, under the law of the case, the City of Miami Beach could not increase its rates retroactively beyond 33 cents per one thousand gallons.
The City of Miami Beach’s motion for summary judgment was granted by the tri *391 al court and it was awarded a judgment of $267,246.37 against North Bay Village, and $250,535.71 against Village of Bal Harbour (Bay Harbor Islands shares its cost of water with Bal Harbour). From the final summary judgment in favor of appellee, appellants bring these consolidated appeals.
One of the basic points made by appellants is that the trial court erred in ruling that the Metro Dade County Water & Sewer Board lacked jurisdiction under Dade County Ordinance No. 75-68 to supervise the water rates charged by the City of Miami Beach to appellants in the sale of water outside its geographical city limits for the period of October 1, 1972 through September 2, 1975. The trial court in making its ruling stated in its final summary judgment as follows:
“A. The City Council of the City of Miami Beach conducted the water rate hearings involved in this cause pursuant to this Court’s Final Judgment and the Opinion and Decision of the District Court of Appeal of Florida, Third District, which specifically recognized that the rates set by the City Council would be for a retroactive period beginning October 1, 1972. Although Dade County Ordinance 75-68 was adopted prior to the time that the hearings of the City of Miami Beach were actually conducted, a fair reading of that County Ordinance reflects that a retroactive affect does not clearly appear from the Ordinance and, therefore, should not be implied. Dade County v. Federal National Mortgage Association, 161 So.2d 255 (Fla. 3 DCA, 1964); Heberle v. P.R.O. Liquidating Company, 186 So.2d 280 (Fla. [App.] 1st Dist. 1966); 30 Fla.Jur.Statutes, Sec. 151. Since the basis for the retrospective interpretations suggested by Plaintiffs is not unequivocal and since there is no indication contained within the Ordinance of any legislative intent that said County Ordinance should be construed to have a retroactive operation, there is no basis to support Plaintiffs’ suggestion that the Metropolitan Dade County Water & Sewer Board had jurisdiction to set rates for the period of time from October 1, 1972 through September 2,1975. The Court is aware of the recent Opinion of the District Court of Appeal of Florida, Third District in the case of State of Florida ex rel. City of Miami Beach, etc. v. Metropolitan Dade County Water & Sewer Board, etc., [347] So.2d [699] (Fla. 3 DCA, Case Nos. 76-269, 76-1370, 76-1276 [1977]) wherein the Court declared that Dade County Ordinance No. 75-68 was a valid ordinance and that Dade County had the authority to adopt said Ordinance. Therefore, it is the conclusion of this Court, that the City of Miami Beach was without authority to adopt a water rate for service provided to the Plaintiff municipalities subsequent to 9:00 a. m. on September 3, 1975. Thus, to the extent that the City of Miami Beach Ordinance No. 76-2078 sought to set a rate of $.43 per one thousand gallons of water sold and delivered to the Plaintiff municipalities for the period from September 3, 1975 through October 31, 1975, said Ordinance is in conflict with Dade County Ordinance No. 75-68 and, therefore, ineffective. The Court notes, by way of obi-ter dictum, that pursuant to the Dade County Ordinance, the City Council of the City of Miami Beach was without authority to adopt the $.48 prospective rate pursuant to hearings conducted after September 3, 1975. That $.48 per one .thousand gallons rate, which is not the subject matter of this cause, was intended to be a prospective rate solely, and is therefore, clearly distinguishable from the retroactive rate which is involved in this cause and which rate applies to water delivered during a period of time prior to the jurisdiction of the Metropolitan Dade County Water & Sewer Board to set such rates.”
We must respectfully disagree with the trial court’s interpretation of the application of Dade County Ordinance No. 75-68 to the facts in the instant appeals. In our opinion, the operation of Ordinance 75-68 was not retroactive, but prospective only. The rates in dispute, set by the City of Miami Beach, were enacted subsequent to the effective date of Ordinance 75-68, i. e.,
*392 September 3, 1975. [We have previously-held this Ordinance to be valid and that it allows the Metro Dade County Water & Sewer Board to review and supervise the water rates. State v. Metropolitan Dade County Water & Sewer Board, 347 So.2d 699 (Fla. 3d DCA 1977) (cert. pending).] It is undispúted that all actions of the Miami Beach City Council concerning the new water rate in dispute, including the adoption of emergency Ordinance No. 76-2078, occurred subsequent to the time that the Water & Sewer Board had jurisdiction over such matters. By reviewing and supervising the new water rate for the period in question, the Water & Sewer Board would not be changing any existing rights and conditions of the City of Miami Beach nor would it be changing the legal effect of any previous event. The City of Miami Beach had no right, vested or otherwise, to any particular rate for the period of October 1, 1972 to October 31, 1975, because such rate was rendered void by this Court’s prior decision. Under the facts here, there was no previous transaction or occurrence to which Dade County Ordinance 75-68 could attach prior to its adoption on September 3, 1975. See Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. 1st DCA 1966). In this case, the operation of Dade County Ordinance No. 75-68 based in full or part upon antecedent facts or events did not constitute a retroactive application of the Ordinance. See Ratner v. Hensley, 303 So.2d 41 (Fla. 3d DCA 1974). Lending support to this opinion are those cases which hold that remedial statutes (ordinances) which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law or the general rule against the retroactive operation of statutes. See, e. g., City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961); Grammer v. Roman, 174 So.2d 443 (Fla. 2d DCA 1965); and Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. 1st DCA 1966). Accordingly, we reverse that portion of the final summary judgment ruling that the Metro Dade Water & Sewer Board lacked jurisdiction under Dade County Ordinance 75-68 to supervise the water rates charged by the City of Miami Beach to appellants for the period October 1, 1972 through September 2, 1975.
In the light of this determination, it is unnecessary for us to consider the other points raised by appellants. Accordingly, to the extent that they have not been made moot by this opinion, the other portions of the final summary judgment appealed, including those portions cross-appealed by ap-pellee, are affirmed.
Affirmed in part, reversed in part.