ROY L. and NANCY M. MARTIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 7807-81.
United States Tax Court
T.C. Memo 1983-407; 1983 Tax Ct. Memo LEXIS 389; 46 T.C.M. (CCH) 732; T.C.M. (RIA) 83407; July 13, 1983. Roy L. Martin, pro se. Thomas G. Norman, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $1,192 is petitioners' 1978 Federal income taxes. The sole issue for decision is whether expenses incurred by petitioner in taking a pilot training course are nondeductible to the extent of reimbursement by the Veterans' Administration. All material facts have been stipulated and are found accordingly. Petitioners, husband and wife, timely filed their 1978 joint Federal income tax return. They resided in Spring, Texas, when they filed their petition herein. From January through October, 1978, petitioner-husband was employed as a Lieutenant in the United States Navy.From November 3, 1978, through December 31, 1982, petitioner-husband was employed as *390 a pilot by Continental Air Lines, Inc. During 1978, petitioner-husband enrolled and completed a flight training course from Chester Co. Aviation, Inc.The total tuition and fees for the training course was $5,593.Pursuant to 38 U.S.C. sec. 1677, petitioner-husband applied for and received benefits in the amount of $5,033.70 (90 percent of the cost incurred for the training course) from the Veterans' Administration (VA) in respect to the training courses. Also in 1978, petitioner-husband enrolled and completed an additional aviation training course. The cost of this training was $160. Petitioner-husband did not apply for or receive VA benefits for this course. On their 1978 Federal income tax return, petitioners excluded the VA benefits from income and claimed a deduction of $5,753 for "Educational Expenses," consisting of $5,593 for the flight training course and $160 for the additional course. The amount in dispute is $5,033.70, representing the amount of reimbursement for the flight training course received by the petitioners in 1978, which amount was disallowed in full by the respondent. Respondent does not contest the educational nature of the *391 training courses, but he argues that the expenses for the flight training course are nondeductible to the extent they are attributable to the tax exempt income that petitioner received from the VA. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), we addressed this very same issue under substantially the same circumstances and held that section 265 [1] barred the deduction of flight training expenses reimbursed by the VA. Under this provision of the Code, no deduction is allowed for any amount otherwise allowable as a deduction that is "allocable to" a class of income exempt from tax. In Manocchio, we found that the reimbursements received from the VA qualified as a class of exempt income and that the fundamental nexus between the reimbursement and the expense brought such expense within the "allocable to" requirement of the statute. We also found that respondent's adoption of Rev. Rul. 80-173, 1980-2 C.B. 60 was within his "very broad discretion to correct a mistake to law in a ruling and to do so with retroactive effect." Manocchio v. Commissioner,supra at 1002. *392 Manocchio is dispositive of this case. [2] We, therefore, must hold that respondent was correct in his disallowance of the deduction claimed by petitioner for reimbursed educational expenses. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Petitioners contend that they relied on assurances from an employee of respondent that the treatment adopted by them on their return was appropriate. Respondent is not, however, estopped by acts of his agent from correcting an error of law. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 183 (1957). Petitioners also contend that retroactive change of position by respondent is an unconstitutional "ex post facto law," citing Article I, section 9 of the United States Constitution. But that provision relates only to punishment for criminal violations of state laws. Locke v. New Orleans,71 U.S. (4 Wall.) 172, 18 L.Ed. 334 (1866); Cummings v. Missouri,71 U.S. (4 Wall.) 277, 299, 18 L.Ed. 356 (1866); see Bleazell v. State of Ohio,269 U.S. 167↩ (1925).