Leonard R. Mellon, Executive Director
QUESTION:
1. Does s. 1, Ch. 91-200, Laws of Florida, amending s. 318.14(9), F.S., apply to all traffic infractions.
2. Are the civil penalty payments received by the county courts pursuant to Ch. 318, F.S., as amended by Chs. 91-136, and 91-200, Laws of Florida, to be distributed pursuant to s. 318.21, F.S., as amended, in effect at the time of the receipt of the funds or the law in effect at the time of assessment of the penalty?
SUMMARY:
1. Section 1, Ch. 91-200, Laws of Florida, applies to those noncriminal traffic infractions set forth in s. 318.14, F.S., as amended.
2. Civil penalty payments received by county courts after October 1, 1991, should be distributed pursuant to s. 4, Ch. 91-200, Laws of Florida.
Section 1, Ch. 91-200, Laws of Florida, amends s. 318.14(9), F.S., to provide as follows:
 Any person cited for an infraction under this section other than a violation of s. 320.0605(1), s. 320.07(3)(a), s. 322.065, s. 322.15(1), s. 322.61, or s. 322.62 may, in lieu of a court appearance, elect to attend in the location of his choice a driver improvement course approved by the Department of Highway Safety and Motor Vehicles. In such case, adjudication shall be withheld, points, as provided by s. 322.27, shall not be assessed, and the civil penalty that is imposed by s. 318.18(3) shall be reduced by 18 percent; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection.
Section 318.14, F.S., is subtitled "[n]oncriminal traffic infractions; exception; procedures." The section heading or subtitle utilized by the Legislature may be considered in determining the intention of the Legislature.[1]
The provisions of this section apply specifically to those noncriminal traffic infractions set forth in s. 318.14(1), F.S. (1990 Supp.). This section states that "[e]xcept as provided in ss. 318.17 and 320.07(3)(b), any person cited for a violation of chapter 316, s. 320.0605(1), s. 320.07(3)(a), s. 322.065, s.322.15(1), s. 322.19, or s. 240.265 shall be deemed to be charged with a noncriminal infraction . . . ."
Thus, the statute, by its terms, specifically applies to noncriminal traffic infractions within the scope of s. 318.14, F.S., as amended, with those exceptions specified therein.[2]
AS TO QUESTION 2:
You ask whether the provisions of s. 4, Ch. 91-136, Laws of Florida, apply to civil penalties by county courts for citations issued prior to the effective date of the act if the penalty is received after the effective date of the act.
Section 4, Ch. 91-200, Laws of Florida, provides a scheme for the distribution of civil penalties by county courts. The act states that "[a]ll civil penalties received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly [pursuant to the formula established by the act]."[3]
Thus, the formula prescribed by s. 4, Ch. 91-200, Laws of Florida, does not contemplate the imposition of additional penalties but reallocates the penalty moneys which are already received by the county courts.[4] The statute operates prospectively to direct the distribution of funds received pursuant to other sections of the act.[5]
Thus, it is my opinion that the amended distribution scheme set forth in s. 4, Ch. 91-200, Laws of Florida,[6] applies to civil penalties received by the county courts after October 1, 1991.
[1] See, Berger v. Jackson, 23 So.2d 265 (Fla. 1945), and AGO's 79-16 and 57-314.
[2] Where a statute sets forth exceptions, no others may be implied to be intended. See, Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department,187 So.2d 65, 67 (4 D.C.A. Fla., 1966); Williams v. American Surety Company of New York, 99 So.2d 877, 880 (2 D.C.A. Fla., 1958).
[3] Section 4, Ch. 91-200, Laws of Florida, effective October 1, 1991, amends s. 318.21, F.S. (1990 Supp.), to read:
318.21 Disposition of civil penalties by county courts.-All civil penalties received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly as follows: (1) Two dollars from every civil penalty shall be paid to the Department of Health and Rehabilitative Services for deposit, in equal amounts, into the Child Welfare Training Trust Fund for child and into the Juvenile Justice Training Trust Fund for juvenile justice training purposes pursuant to s. 39.024. (2) of the remainder: (a) Twenty and six-tenths percent shall be paid to the General Revenue Fund of the state, except that the first $300,000 shall be deposited into the Grants and Donations Trust Fund in the Department of Health and Rehabilitative Services for Florida foster care citizen review panels as provided for ins s. 39.4531. (b) Seven and two-tenths percent shall be deposited in the Emergency Medical Services Trust Fund for the purposes set forth in s. 401.113. (c) Five and one-tenth percent shall be deposited in the Additional Court Cost Clearing Trust Fund established pursuant to s. 943.25 for criminal justice purposes. (d) Eight and two-tenths percent shall be deposited in the Impaired Drivers and Speeders Trust Fund for the purposes set forth in s. 413.613. (e) Two percent shall be deposited in the endowment fund of the Florida Endowment Foundation for Vocational Rehabilitation established by s. 413.615. (f) Five-tenths percent shall be paid to the clerk of the court for administrative costs. (g) 1. If the violation occurred within a municipality of a special improvement district of the Seminole Indian Tribe or Miccosukee Indian Tribe, 56.4 percent shall be paid to that municipality or special improvement district. 2. If the violation occurred within the unincorporated area of a county that is not within a special improvement district of the Seminole Indian Tribe or Miccosukee Indian Tribe, 56.4 percent shall be paid to that county. (3)(a) Moneys paid to a municipality or special improvement district under subparagraph (2)(g)1. must be used to fund local criminal justice training as provided in s. 943.25(13) when such a program is established by ordinance; to fund a municipal school crossing guard program when such a program is established by ordinance; and for any other lawful purpose. (b) Moneys paid to a county under subparagraph (2)(g)2. shall be used to fund local criminal justice training as provided in s.943.25(13) when such a program is established by ordinance, to fund a county school crossing guard program when such a program is established by ordinance, and for any other lawful purpose.
[4] An additional penalty is contemplated within s.318.18, F.S., as amended by s. 3, Ch. 91-136, Laws of Florida, which imposes a $150.00 penalty, including court costs, for a violation of s. 316.613, F.S. However, this amendment to s. 318.18
became effective on October 1, 1991, as did the amended distribution scheme.
[5] While your letter does not directly express a concern that this statute would be a retroactive law, I assume from your question and information submitted with your letter that this is a concern. Strictly speaking, a retroactive law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability to transactions or considerations already past. See generally, Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (1 D.C.A. Fla., 1966), and 82 C.J.S.Statutes s. 412 et seq.
[6] Section 4, Ch. 91-200, Laws of Florida, provides that the effective date for the amendment to s. 318.21, F.S., is October 1, 1991.