QUESTIONS: 1. Must the authorization form requesting approval for the performance of travel be approved, in all circumstances, prior to any travel being performed, pursuant to s. 112.061(12), F.S. (1974 Supp.), as amended by Ch. 75-33, Laws of Florida? 2. In the event that the first question is answered in the affirmative, would it be permissible for there to be a blanket approval covering the estimated travel for a period of, for instance, 30 days in those situations where it is necessary for employees such as investigators or field employees to travel during a given period of time in a general area without prior knowledge of each specific assignment?
SUMMARY: Pursuant to s. 112.061(12), F.S. (1974 Supp.), as amended, the authorization form requesting approval for the performance of any travel, must be approved, in all circumstances, prior to any travel being performed. And blanket approval, covering routine travel of such public employees as investigators or field employees, is prohibited as the statute presently exists. AS TO QUESTION 1: The first question must be answered in the affirmative. The subtitle of s. 1, Ch. 74-365, Laws of Florida, as it amended s. 112.061(12), F.S., indicates that this subsection applies to all travel authorization and not just to convention or conference travel. The act expressly provides that the travel authorization request form "shall be used by all state officers and employees and authorized persons when requesting approval for the performance of travel." (Emphasis supplied.) There is further indication that this subsection applies to routine travel as well as convention-type travel in that it provides for a standardized form to be used by all travelers; and, for purposes of travel to conventions or conferences, special additional provisions are specified. The headings of or titles to sections of statutes furnished by the Legislature itself (as distinguished from those supplied by statutory revision) are parts of the statutes themselves, limiting and defining their effect, and may properly be considered in determining legislative intent. Berger v. Jackson, 23 So.2d 265 (Fla. 1945). Accord: Attorney General Opinion 057-314. Having established the scope of s.112.061(12)(a), F.S. (1974 Supp.), as amended, it now becomes necessary to demonstrate the basis for the conclusion that there must be approval prior to any and all travel being performed. There are four clear indications in the statute which point toward this conclusion. First, the statute provides that the form shall be used "when requesting approval for the performance of travel." (Emphasis supplied.) Second, provision is made for inclusion on the form of an estimation of "cost to state." An estimation would only be made before a trip and not after because after the trip, the exact cost to the state would be given on the travel vouchers. [Cf. s. 112.061(12)(b), F.S. (1974 Supp.)] Third, the statute directs that the "form shall be signed by the traveler and, upon request by the head of the agency, the traveler's supervisor, stating that the travel is to be incurred" (Emphasis supplied.) on official business of the state. Fourth, the act provides that the head of the agency shall not "approve such request (travel authorization request) in the absence of the appropriate signature." (Emphasis supplied.) After a thorough perusal of this statute with special attention being given to the above-noted provisions, it must be concluded that approval is required, in all circumstances, prior to any and all travel being performed. Even when this subsection is read together with s. 112.061(3)(a), F.S. (1974 Supp.), as amended by Ch. 75-33, Laws of Florida, the same conclusion is reached because the latter subsection, as amended, provides in part that "[i]n every instance prior to travel, the head of the agency may request a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel." (Emphasis supplied.) The use of the word is in the preceding quoted sentence instead of was appears to denote that prior approval was contemplated by the Legislature. Cf. s.112.061(12)(b), F.S. (1974 Supp.), as to travel vouchers. Further, the subtitle of s. 1, Ch. 73-169, Laws of Florida, part of which was enacted as s. 112.061(3)(a), F.S., specifies "Authority to incur travel expenses." (Emphasis supplied.) See Berger v. Jackson, 23 So.2d 265 (Fla. 1945), and AGO 057-314 to the effect that such subtitles are part of and not extrinsic to the enacting clause. AS TO QUESTION 2: A legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799
(Fla. 1944); cf. White v. Crandon, 156 So. 303 (Fla. 1934). And if there is reasonable doubt as to the lawful existence of a particular power which an administrative agency seeks to exercise, then such power cannot be exercised. Greenberg v. Fla. State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974); Edgerton v. International Co., 89 So.2d 488 (Fla. 1956). As noted above, the statute contemplates official approval of all travel prior to the time it is undertaken and requires the traveler to specify on the travel request form the purpose of the travel, the period thereof, and the estimated cost to the state. A "blanket" authorization for any and all travel to be undertaken by a particular employee during a given period of time and without any estimate of the cost to the state would seem to be contrary to these express provisions of the statute and thus unauthorized. However, it appears to me that in most if not all circumstances an investigator or field employee could comply with the provisions of s. 112.061(12), F.S., without impairing the efficiency and effectiveness of such employees. The Legislature, by Ch. 75-33, Laws of Florida, has amended s. 112.061, subsections (3)(a) and (12)(a), eliminating the requirement of the signature of the employee's supervisor, unless requested by the agency head. An investigator or employee in the field could estimate the period of travel and cost to the state on the travel authorization request form prior to travel; if it later turns out that the period of travel and/or estimated cost thereof exceed that specified on the travel authorization form, the traveler could claim and obtain reimbursement on a properly supported travel voucher form for the costs actually incurred. Estimations on the travel authorization form must be made in good faith; and this opinion should not be understood as a sanction by this office to circumvent the requirements and intent of the statute. It may be advisable to recommend that the Legislature adopt an exception for emergency situations involving special agents of the Department of Criminal Law Enforcement; but such an exception cannot be implied from the language of the statute.