### DUNKLEY v. HUNDLEY FARMS, Inc.
No. 77-1192 CA (L) 01 B.

Circuit Court, Palm Beach County.

June 30, 1978.

Philip Auerbach, Miami, for the plaintiff.

Charles H. Damsel, Jr., West Palm Beach, for the third party plaintiff.

Theodore A. Deckert, West Palm Beach, for the third party defendants.

DANIEL T. K. HURLEY, Circuit Judge.

A hearing was held in this case on June 22, 1978 for the purpose of considering the third party defendants' motion for summary judgment. Charles H. Damsel, Jr., Esq., appeared for the third party plaintiff; Theodore A. Deckert, Esq., appeared for the third party defendants. Oral argument was heard and thereafter written memoranda were filed.

The facts of the case are not in dispute. A collision occurred on May 25, 1973, which resulted in injuries to Mrs. Daisy Dunkley (plaintiff in this cause) and in the death of her husband, George Dunkley. On April 5, 1977 Mrs. Dunkley filed suit against Hundley Farms, Inc., the employer of the driver of the other vehicle. On December 8, 1977 the defendant was granted leave to file a third party complaint for contribution against the Estate of George Dunkley and the State Automobile Mutual Insurance Company as the automobile liability insuror of the late George Dunkley. Due to the fact that an estate had not previously been opened, the defendant, Hundley Farms, Inc., on January 18, 1978, filed a petition for letters of administration regarding the Estate of George Dunkley.

The third party defendants in this action (Marvin Katz, as personal representative of the Estate of George Dunkley, and State Automobile Mutual Insurance Company) moved for summary judgment on the theory that Florida Statute 733.710 barred the third party plaintiff's claim. The relevant portion of the statute reads as follows —

> 733.710 *Limitations against unadministered estates —*
>
> After 3 years from the death of a person his estate shall not be liable in any cause of action if no letters have been taken out in Florida within the 3 years or if letters have been taken out but neither publication of notice to creditors has been made nor the claim of any creditor filed.

The third party plaintiff (Hundley Farms, Inc.) responded that the motion should be denied for two reasons. First, Hundley cited the case of Berger v. Jackson, 23 So.2d 265 (Fla. 1945), with particular reference to the dicta regarding accrual of causes of action which is contained on page 269 of that opinion. Secondly, Hundley contended that Florida Statute 733.702(3)(b) contains a specific provision which is applicable to the facts of this case and which permits a claim "to the limits of casualty insurance protection."

After consideration of the arguments and case authority presented, the court concludes that *Berger v. Jackson,* supra, is inapplicable to the case at bar. There the estate was under administration and the cited dicta on page 659 refers to a general statute of limitations. Florida Statutes 733.702(3)(b) and 733.710, on the other hand, are nonclaim statutes. The conceptual difference between these types of statutes is fully set forth in the case of *In Re: Woods Estate,* 183 So. 11, 12 (Fla. 1938) —

> There is a wide distinction between general statutes of limitation and the so-called short, special, nonclaim or administrative statute of limitations under which claims against estates of deceased persons must be presented, and in some instances prosecuted, within a given time after the administration of an estate begins and notice is published for the benefit of creditors. Not only is the purpose of these nonclaim statutes different, but the event which starts the period to running and makes them effective is different. General statutes of limitation begin to run when the cause of action arises, but nonclaim statutes do not become effective except as to claims against decedent's estates and only after an administrator has been appointed, and letters of administration issued and notice given to the creditors as required by the statute. Our court has recognized a distinction between these two classes of statutes in the case of Bradford v. Shine, 13 Fla. 393, 7 Am. Rep. 239.

In the case of Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749, Justice Ellis, speaking for the Court, rightly said (page 753):

> "A statute of nonclaim while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of the court, the orderly, expeditious, and exact settlement of the estates of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from the provisions of a statute exist, the court is powerless to create one. If such were not the case, the settlement of an estate might be deferred indefinitely and heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent, kept out of the enjoyment of their possessions and deprived of the benefits secured to them by the laws of the state for such unreasonable time as to practically deprive them of their property."

This case then presents two questions — "What is the ambit of each of these nonclaim statutes, and what is the relationship, if any, between these two statutes?" The third party defendants contend that 733.710 applies to all unadministered estates (see *Berger v. Jackson,* supra, at page 269 for definition of "unadministered"), whereas, they argue, 733.702(3)(b) is limited to those instances

where an estate is opened but the notice of administration is not published. For the reasons set forth below, I conclude that the suggested limitation is too narrow and cannot be accepted.

It is a general rule of statutory construction that "the courts will not ascribe to the legislature an intent to create absurd or harsh consequences, and so an interpretation avoiding absurdity is always preferred." *City of St. Petersburg v. Siebold,* 48 So.2d 291, 294 (Fla. 1950). Applying this maxim to the case at bar, it becomes apparent that the purported distinction between 733.702(3)(b) and 733.710 is minimal, at most. The aim of both statutes is the same: to encourage expeditious settlement of estates and to allow the beneficiaries of those estates to have the use and enjoyment of the devised property or assets. The statutes were conceived without reference to the existence of insurance and they were never intended to become escape mechanisms by which liability carriers could avoid their contractual obligations.

It is reasonable to assume that George Dunkley, as a responsible member of society, purposefully maintained liability coverage so that he, through his insurance carrier, would be in a position to compensate for any loss or damage which he might have caused or contributed to. The legislature allowed for the unfettered fulfillment of this intention when it enacted 733.702(3)(b) and created an exception to the three year limitation in the nonclaim statute. The exclusionary provision permits the prosecution of actions to establish the liability of a decedent or his personal representative to the limits of his casualty insurance protection. Thus, on the one hand, the availability of insurance protection is assured, while on the other hand, the assets of the estate are shielded and their early transfer to the beneficiaries is unhindered.

Having reviewed the underlying purposes of the legislative scheme, it seems senseless and unduly harsh to apply a rigid construction to these statutes and thereby limit recourse to casualty insurance protection to those rare instances where an estate is opened but where notice of administration is not published. This would cause an unnecessary denial of insurance protection in the far greater category of unadministered estates — a result which is clearly contrary to the legislative intent. The court, therefore, concludes that Florida Statutes 733.702(3)(b) and 733.710 must be read in pari materia, and that when this is done there exists an exception to the three year limitation for both opened/unpublished and unadministered estates to the limits of the decedent's casualty insurance protection.

Accordingly, it is ordered and adjudged that the third party defendants' motion for summary judgment be, and the same is herewith denied.