Ernest Ellison Auditor General Tallahassee
QUESTION:
What method or methods for publication will be sufficient for a board of county commissioners to be in compliance with the requirement contained in s. 136.07, F. S.?
SUMMARY:
In the absence of a judicial or legislative determination to the contrary, s. 136.07, F. S., appears to require the board of county commissioners to make and publish a monthly statement regarding the condition of the county's accounts and funds in banks acting as depositories. Section 136.07, F. S., however, is silent as to the form and contents of such monthly statements or the method of publication and, in the absence of any statutory direction or valid rule or regulation of the Department of Banking and Finance as to the form and contents or manner of statement to be made or the method of publication, the board of county commissioners may prepare such a statement in whatever form and make available to the public in whatever manner that the board in its discretion deems reasonable.
According to your letter, a question has arisen as to the proper interpretation of the provisions of s. 136.07, F. S., specifically as to what must be done by a board of county commissioners `in order to comply with the requirement contained in said statutory provision that the board shall publish a statement monthly . . . setting forth the conditions of each and every fund, as required by law.' Section 136.07, F. S., provides in pertinent part:
 [E]ach board [of county commissioners] shall make and publish a statement monthly and at such other time as now required, or at such other times as may be required by the department [of Banking and Finance] or the board of county commissioners and other such reports and statements regarding the conditions of each and every fund, as now or as may be hereafter required by law.
A substantially similar provision was present when the section was first enacted in 1915. See s. 8, Ch. 6932, 1915, Laws of Florida. I am not aware, however, of any decision by the courts of this state which has considered or interpreted this provision. Moreover, I have been informed that the Department of Banking and Finance has not promulgated any rules or regulations regarding this provision or the requirements thereof.
The intent of this provision of s. 136.07, F. S., because of its grammatical structure and punctuation, is ambiguous; however, it appears from a reading of the clause and the catchline or heading to s. 136.07 stating `board to publish monthly statements,' that the board of county commissioners is required by the terms of the section to make and publish a monthly statement regarding the conditions of each and every fund of the county or each account on deposit with a county depository. The language in the heading or catchline, although initially provided by the statutory reviser, was subsequently adopted by the Legislature. See s. 6, Ch. 59-23, Laws of Florida, in which the Legislature amended s. 136.07; the heading or catchline, `Board to Publish Monthly Statements,' is included in the Legislature's amendment to the section. See Berger v. Jackson, 23 So.2d 265, 267 (Fla. 1945) (heading of section when provided by the Legislature is not to be classed with words or titles used by compliers of statutes as sort of index to what the section is about or has reference to, but it is the Legislature speaking and must be given due weight and effect); AGO 057-314; 82 C.J.S. Statutes s. 350. Cf. Curr v. Lehman, 47 So. 18 (Fla. 1908); State ex rel. Church v. Yeats, 77 So.2d 262, 263 (Fla. 1917) (title to an act cannot add to or enlarge operation or effect of a statute, but it may be looked to for aid in the construction of a statute); Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951); Finn v. Finn, 312 So.2d 726 (Fla. 1975). Therefore, until judicially or legislatively determined to the contrary, I am of the view that s. 136.07, by force of its own terms, requires the board of county commissioners to make and publish a monthly statement regarding the county's accounts in banks acting as depositories.
Unlike other statutory provisions requiring statements or reports to be made and published, the clause contained in s. 136.07, F. S., requiring the boards to make and publish a statement monthly is silent as to the form and contents of such monthly statements or the method of publishing such statements. Cf. s. 129.03(2)(b), F. S., providing that the board of county commissioners shall prepare a statement summarizing all of the tentative budgets showing for each budget and the total of all budgets the several matters specified therein, and requiring the board to cause such summary and other such particulars as specified in the statute to be advertised one time in a newspaper of general circulation published in the county or by posting at the courthouse door if there be no such newspaper; s. 116.05, F. S., providing that the Department of Banking and Finance examine and verify reports received from state and county fee officers under s. 116.03, F. S., whenever it deems it necessary and to cause the matters contained therein to be published one time in a newspaper in the county in which the report originated, in such form as it directs, at the expense of the county commissioners of such county. Seealso ss. 50.011 and 50.031, F. S. Moreover, I am not aware of any judicial interpretation of s. 136.07 which establishes the form and the contents of the monthly statement or the method of its publication.
A general grant of power or authority unaccompanied by definite direction as to how the power or authority is to be exercised implies a right to employ the means and methods necessary to comply with the statute. 67 C.J.S. Officers s. 103(a). Thus, when the law imposes a duty or power on an officer, it also confers by implication such powers as are necessary for the due and efficient exercise of the duties or powers expressly granted or such as may be fairly implied therefrom. See State ex rel. Martin v. Michell,188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged,192 So.2d 281 (Fla. 1966); In re Advisory Opinion to the Governor,60 So.2d 285 (Fla. 1952); Peter v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963); cf. Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936); Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1923). The term `publish' ordinarily encompasses the act of making public or known. See, e.g., William G. Meier Glass Co. v. Anchor Hocking Glass Corp., 95 F. Supp. 264, 267 (D.C. Pa. 1951). Seealso 73 C.J.S. Publication, p. 638, stating that `[i]nseparable from the term [publication] is the idea of circulation, and intended distribution, and the thought running through all the uses of the word is an advising of the public, a making known to the public for a purpose'; Black's Law Dictionary, Publication p. 1393. In the absence, however, of any statutory direction as to the form and contents or manner of the monthly statement to be made or the method or methods of publication, the board of county commissioners may prepare such a statement or summary thereof regarding the funds on deposit in banks acting as depositories and publish or make known to the public in whatever form and in whatever manner that the board may in its discretion deem reasonable in accomplishing the objective or purposes of the statute. The board in the exercise of its discretion may, for example, make such statements available for public inspection by publishing in a newspaper, by posting in a specifically designated place such as the county courthouse, or by filing with the clerk of the circuit court as county auditor the statement as a public record.
Accordingly, I am of the opinion that, in the absence of a statutory provision setting forth the method of publication or valid rule or regulation of the Department of Banking and Finance so providing and until judicially determined to the contrary, the board of county commissioners has the discretion to determine the form and contents and manner of making available to the public for inspection such monthly statements regarding the condition of county funds in banks acting as depositories.
Prepared by: Joslyn Wilson, Assistant Attorney General