J. Jackson Walter Executive Director Department of Business Regulation Tallahassee
QUESTIONS:
1. Under s. 210.18(6)(a), F. S., do officers of the Division of Alcoholic Beverages and Tobacco have discretion to either collect the tax and penalty due in each misdemeanor possession case, or is the officer required to file misdemeanor possession charges and have the prosecutor or court use their discretion?
2. In the event the taxes and penalty are paid by the possessor, are the contraband unstamped cigarettes to be returned to the possessor, or are they to be forfeited to the division as contraband?
3. If they are to be returned to the possessor, can the division require the possessor to pay a licensed stamping wholesaler to apply the tax indicia?
SUMMARY:
Officers of the Division of Alcoholic Beverages and Tobacco are not vested by law with any discretion to impose the collect the tax and penalty due upon conviction in a misdemeanor possession case involving cigarette tax evasion. The sentencing procedure and determination of the punishment to be inflicted on a convicted violator of this law and the imposition of the penalty or punishment are matters exclusively within the jurisdiction of the judiciary. Under the statutes which govern the Division of Alcoholic Beverages and Tobacco, seized contraband unstamped cigarettes must be forfeited to the state and may not be returned to the convicted violator. Contraband cigarettes may not be returned to the possessor.
Section 210.18(6)(a), F. S., provides that:
 Every person, firm, or corporation other than licensees under the provisions of this chapter, who possesses, removes, deposits, or conceals, or aids in the possessing, removing, depositing, or concealing of any unstamped cigarettes not in excess of 50 cartons shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In lieu of the penalties provided in said sections, however, the person, firm or corporation may pay the tax plus a penalty equal to the amount of the tax authorized under section 210.02 on the unstamped cigarettes.
 Your questions are prompted in response to Ch. 77-421, Laws of Florida, which added, among other things, the proviso in the last sentence of the above-quoted statutory provision as an alternative to the established criminal penalties for cigarette tax evasion.
 The title of Ch. 77-421 sheds no significant light on the legislative purpose in adding the proviso to paragraph (6)(a) of s. 210.18, F. S. It states only that paragraph (6)(a) and other subsections of s. 210.18 relate `to evasion of the cigarette tax.' The section heading or subtitle placed and enacted by the Legislature may be considered in determining the intendment of the Legislature. Berger v. Jackson, 23 So.2d 265 (Fla. 1945), and AGO 057-314. The section heading, `[p]enalties for tax evasion; reports by sheriffs,' would indicate the overall legislative intent and purpose for the entire section was to provide criminal penalties for the possession, removal, deposit, or concealment of any unstamped cigarettes and the aiding in or conspiring to do any of such prohibited acts. An administrative agency may not, of course, impose any penalty except as may be authorized or provided for by statute. Section 18, Art. I, State Const. Criminal penalties such as those prescribed in s. 210.18, and s. 775.082, s. 775.083, or s. 775.084, F. S., which are by reference incorporated into s. 210.18, may be imposed only by the courts, absent some statute expressly empowering an administrative agency to impose and collect a penalty other than a sentence of imprisonment. I note, parenthetically, that s. 210.18(4)(a) provides that any person or corporation owning or possessing any cigarettes upon which a tax is imposed by the cigarette law and upon which such tax has not been paid is, in addition to the fines and penalties otherwise provided in the cigarette law, personally liable for the amount of the tax imposed on such cigarettes; and the Division of Alcoholic Beverages and Tobacco is authorized to collect such tax from such person or corporation by suit or otherwise. See also s. 210.02(6), F. S., making the person receiving cigarettes from outside the state (other than a distributing agent or wholesale dealer) responsible for the tax on such cigarettes and the payment of the same to the division. Section 210.18(4)(a), however, does not authorize the division to impose or collect any `fines and penalties otherwise provided [for] in the cigarette law,' or in s. 210.18.
AS TO QUESTION 1:
 Section 2 of Ch. 77-421, Laws of Florida, amended s. 210.18(6)(a) in such a manner as to make the proscribed acts punishable as second degree misdemeanors as provided in the Florida Criminal Code, s. 775.082, s. 775.083, or s. 775.084, F. S., and added the provision that:
 In lieu of the penalties provided in [s. 775.082, s. 775.083 or s. 775.084, F. S.], however, the person, firm, or corporation may pay the tax plus a penalty equal to the amount of the tax authorized under section 210.02 on the unstamped cigarettes. (Emphasis supplied.)
The above-quoted provision clearly does not purport to empower the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation to impose or collect any penalty, civil or criminal, from violators of s. 210.18(6)(a), F. S. Neither does the 1977 amendment make any provision whatever for the disposition of any penalties imposed and collected or paid under the quoted provisions of paragraph (6)(a). The alternative penalty or punishment authorized by the 1977 amendment is at least in the nature of a fine such as those prescribed in s. 775.083, F. S.; and `when specifically authorized by statute,' violators of s.210.18(6)(a) `may be sentenced to pay a fine in lieu of any [imprisonment] punishment described in s. 775.082.' Section775.083(1), F. S. Pursuant to s. 775.083(1), persons who have been convicted of noncriminal violations, as defined in s. 775.08(3), may be sentenced to pay a fine; and fines for designated crimes and for noncriminal violations are set forth therein. Section775.083(1)(e) prescribes a fine not to exceed `$500, when the conviction is of a misdemeanor of the second degree or a noncriminal violation'; paragraph (1)(f) provides for `[a]ny higher amount equal to double the pecuniary gain derived from the offense by the offender or double the pecuniary loss suffered by the victim'; and paragraph (1)(g) provides for `[a]ny higher amount specifically authorized by statute.' a noncriminal violation is defined by s. 775.08(3) to mean
 . . . any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty.
Since s. 210.18(6)(a), F. S., incorporates by reference s.775.082, s. 775.083, or s. 775.084, F. S., those sections together with any other applicable section or part of the Florida Criminal Code, such as ss. 775.021(2) and 775.08, F. S., must be considered or read in pari materia with s. 210.18, and construed with reference to each other. See Curry v. Lehman, 47 So. 18 (Fla. 1908); State v. Bowden, 150 So. 259 (Fla. 1933); and Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974). So construed in light of the considerations and circumstances above delineated, I am of the opinion that the proviso set forth in the last sentence of s. 210.18(6)(a) authorizes but does not require the sentencing court to sentence a violator of s. 210.18(6)(a), adjudged by the court to be guilty of a `noncriminal violation' as defined by s. 775.08(3) and limited by s. 775.082(5), to pay a `fine, forfeiture, or other civil penalty' in the amount equal to double the tax authorized by s. 210.02, F. S.; or, alternatively, such court may sentence a violator of s. 210.18(6)(a), adjudged by the court to be guilty of a misdemeanor of the second degree, to pay a penalty, or a fine, in an amount equal to double the amount of such tax on the unstamped cigarettes `in lieu of the penalties provided in [s. 775.082, s. 775.083, or s. 775.084, F. S.].' (Emphasis supplied.)
Therefore, in specific response to your first question and until judicially determined otherwise, I am of the opinion that the officers of the Division of Alcoholic Beverages and Tobacco are not vested by law with any discretion to impose and collect the tax and penalty due upon conviction in a misdemeanor possession case under s. 210.18(6)(a), F. S., in lieu of filing misdemeanor possession charges. To construe the proviso so as to allow such discretion or option in the division (or in a violator of s.210.18(6)(a) adjudged by the court to be guilty of the proscribed acts) would raise serious constitutional issues which this office may not conclusively resolve and bring the proviso into collision with settled rules of constitutional and decisional law. Generally, the sentencing procedure and determination of the punishment to be inflicted on a convicted violator of the law and the imposition of the penalty or punishment provided by law are matters within the exclusive jurisdiction of the judiciary.
AS TO QUESTION 2:
No statute authorizes the Division of Alcoholic Beverages and Tobacco or the court to return seized contraband to a convicted violator of s. 210.18(6)(a), F. S. — such contraband must be seizedand forfeited to the state under s. 210.18(5)(a) or other applicable statutes; and, unless such other statutes authorize the division to return the contraband to a convicted violator and specify the circumstances in which and conditions upon which such return may be made, it cannot be done.
Any tax owed may be collected by the division pursuant to ss.210.02(6), 210.12(3), 210.14, and 210.18(4)(a), F. S.; and all collections (of taxes) received by the division are to be paid into the trust fund designated in and distributed as required by s. 210.20(2), F. S., unless otherwise ordered by a court or otherwise specifically provided for in other applicable statutes.
AS TO QUESTION 3:
In view of my answers to your first two questions, your third question does not require a response.
In summary, I conclude that s. 210.18(6)(a), F. S., read with ss.775.021(2), 775.08(3), and 775.083, F. S., concerns and fixes criminal and noncriminal penalties which may be imposed on convicted violators only by the courts in the absence of express statutory authority for an administrative agency to impose a penalty other than imprisonment. No statute authorizes the division or the courts to return seized contraband cigarettes to a convicted violator of s. 210.18(6)(a), and such contraband must be seized and forfeited to the state under s. 210.18(5)(a), or other applicable statutes. Nay tax owed may be collected by the division in the manners prescribed in ss. 210.02(6), 210.12(3), 210.14, and210.18(4)(a), F. S.
Prepared by:
Edwin J. Stacker Assistant Attorney General