462 So.2d 1142 (1984)
Deborah Jean DRAKE, a Minor by and through Her Mother and Natural Guardian, Barbara J. Fletcher, and Barbara J. Fletcher, Individually, Appellants,
v.
ISLAND COMMUNITY CHURCH, INC., d/b/a iSLAND cHRISTIAN sCHOOL, A fLORIDA Private School, Appellee.
No. 83-1557.
District Court of Appeal of Florida, Third District.
September 25, 1984.
Rehearing and Rehearing Denied February 12, 1985.
*1143 Proenza & White and H. Clay Roberts, Miami, for appellants.
S. Harold Skolnick, Miami, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
Rehearing and Rehearing En Banc Denied February 12, 1985.
FERGUSON, Judge.
Plaintiffs, a mother and her minor daughter, instituted a lawsuit on July 24, 1981, against a private church school and a teacher.[1] Their complaint alleged that the defendants breached a written contract in that the teacher assigned to educate and train the minor child during the 1976-77 school year and some time thereafter induced the child to engage in sexual activity. Alternatively, they alleged that the sexual abuse of the minor occurred through (1) negligence of the defendant school, (2) negligent hiring and retention of the assailant teacher, and (3) battery by the teacher in the course and scope of his employment. Plaintiffs further claimed that the defendants fraudulently concealed those wrongful acts until July 1981.
This appeal is brought from an order dismissing plaintiffs' third amended complaint for failure to state a claim upon which relief can be granted. The trial court held that (1) the student application form attached to plaintiffs' third amended complaint does not constitute an enforceable written contract, therefore the five-year statute of limitations in Section 95.11(2)(b), Florida Statutes (1983) is inapplicable, and (2) the claims in both oral contract and tort are subject to, and barred by the four-year statute of limitations in Section 95.11(3), since the cause of action accrued prior to the end of the school year in June 1977.
Plaintiffs contend that because defendants fraudulently concealed their wrongful acts until July 1981, the statute of limitations was tolled and did not commence to run on either the tort or contract action until that date. Defendant-church maintains that the statute began to run on the date of the alleged wrongful act, as the minor child at that time had knowledge of the injury, and therefore, the cause of action. The questions we must decide are whether the statute of limitations begins to run against a minor child when the child knew or should have known that a cause of action exists based on injury to the child, and whether such knowledge may be imputed to the parent so as to begin the running of the statute on an action for the parent's own cause of action. We answer no to these questions and hold that, for the purpose of a motion to dismiss, the period of limitation did not begin to run until July 1981, so that both plaintiffs' claims were timely commenced.
Generally, the statute of limitations begins to run when a plaintiff has been put on notice of his right of action. City of Miami v. Brooks, 70 So.2d 306 (Fla. 1954); Smith v. Continental Insurance Co., 326 So.2d 189 (Fla. 2d DCA 1976). Here, the complaint alleges that plaintiff-mother did not have knowledge of her cause of action until July 1981, due to the defendants' fraudulent concealment of the wrongful act. Even without the application of the doctrine of fraudulent concealment, and taking the well-pleaded allegations of the complaint as true (which we are bound to do on a motion to dismiss, Williams v. Howard, 329 So.2d 277 (Fla. 1976)), the limitation period did not begin to run as to the mother's claims until she was first put on notice of her right of *1144 action in July 1981. There is no support for defendant-church's contention that the knowledge of the minor child may be somehow imputed to the parent as a matter of law so as to time-bar a claim for damages by the parent.
The more provocative part of the question is whether the minor child's knowledge of the wrongful acts will start the running of the limitations period against her claims. It is elementary that:
A cause of action cannot be said to have accrued, within the meaning of [the statute of limitations], until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run.
Berger v. Jackson, 156 Fla. 251, 259-60, 23 So.2d 265, 269 (1945) (holding that where a cause of action accrues after the death of the person against whom it lies, the limitation period does not begin to run until there is a grant of administration to the estate). Accord Coe v. Finlayson, 41 Fla. 169, 26 So. 704 (1899). In Florida, a minor child is incapable of bringing an action in his own behalf. See Fla.R.Civ.P. 1.210(b). It follows, then, that the statute of limitations could not begin to run against the minor child in the present case until the parent knew or reasonably should have known those facts which supported a cause of action. Since the complaint in this action alleges that the parent did not have this knowledge, the statute did not commence to run as a matter of law against the minor child.
Several cases decided by courts of this state support our holding. Cf. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976) (statute of limitations in medical malpractice case began to run as to the parents and legal guardians of the incompetent minor in their own right, as to parents and legal guardians of minor as next friends in behalf of minor, and as to incompetent minor in his own behalf when parents were on notice of possible invasion of their legal rights); Roberts v. Casey, 413 So.2d 1226 (Fla. 5th DCA), rev. denied, 424 So.2d 763 (Fla. 1982) (statute of limitations in medical malpractice action began to run against both hospital and physician when parents discovered that child's condition might have been caused by negligent act); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978) (statute of limitations in medical malpractice action began to run when plaintiff  mother was aware or should have been aware that baby was born mentally retarded and thereafter showed signs of mental retardation and abnormal development).
The defendant-church relies on a series of cases which, it contends, dictate a contrary result. We find those cases distinguishable. In Slaughter v. Tyler, 126 Fla. 515, 171 So. 320 (1936), overruled on other grounds, Manning v. Serrano, 97 So.2d 688 (Fla. 1957), the Florida Supreme Court faced the issue whether the statute of limitations is tolled by the disability of infancy. There, a minor had been negligently operated upon by a physician. The minor brought suit after the limitation period had expired. The court held that in the absence of a legislative expression of will to the contrary, the statute of limitations was not tolled because of infancy. In Slaughter there was no contention by the parents of the minor child that they were without knowledge of the fact and cause of the child's injuries. Slaughter is therefore inapplicable. For the same reasons, the defendant-church's reliance on Velazquez v. Metropolitan Dade County, 442 So.2d 1036 (Fla. 3d DCA 1983) is misplaced.[2]
*1145 The complaint must be reinstated because, even applying the four-year period of limitation in Section 95.11(3), Florida Statutes (1983), from the face of the complaint (which alleges that the parent had no knowledge of the cause of action until July 1981) the suit is not time-barred. See Wimpey v. Sanchez, 386 So.2d 1241 (Fla. 3d DCA 1980), quashed on other grounds 409 So.2d 20 (Fla. 1982) (dismissal of plaintiffs' action proper only if defendants show conclusively from the face of complaint that the cause of action is barred by the statute of limitations).
Reversed and remanded for further proceedings.
NESBITT, Judge (specially concurring):
I must concur in that portion of Judge Ferguson's opinion dealing with the child's cause of action because I disagree with the statement in footnote two of the majority opinion that Gasparro v. Horner, 245 So.2d 901 (Fla. 4th DCA 1971) was wrongly decided.
Both the dissenter in Gasparro and Judge Ferguson in the instant case misperceive the holding in Gasparro. The misconception arises from a faulty factual assumption that the infant in Gasparro had no "next friend" capable of bringing suit. See supra note 2; Gasparro, 245 So.2d at 902-03 (dissenting opinion).
As pointed out by the majority in Gasparro, however, "an infant, through a next friend, is at all times authorized to sue," and "Florida law does not require that a next friend be `appointed' before he can act." 245 So.2d at 905. Although not made clear by the facts set out in the opinion, the infant undoubtedly did in fact have a next friend who could have sued on her behalf prior to the date of adoption. The infant was four years old at the time of the accident, and was not adopted until twenty-one months later. Obviously, the infant was not fending for herself during those twenty-one months; someone was taking care of her. That person was on notice of the accident and the infant's injuries and could have brought suit prior to the infant's adoption.
Furthermore, it is unlikely that the infant's adoption occurred overnight. Adoption proceedings take time, and the adoptive parents undoubtedly were aware of the infant's injuries caused in the accident prior to the date of adoption. They, therefore, could have brought suit as next friend on behalf of the infant; they were not required to wait for the adoption to become final.
Although I believe Gasparro was correctly decided, I nevertheless find it distinguishable from the present case. In Gasparro, the infant was involved in an automobile *1146 accident and obviously sustained injuries which manifested themselves. It follows, therefore, that the infant's next friend knew or should have known those facts which supported the cause of action from the time of the accident or soon thereafter. No so in the present case where, as alleged in the complaint, the parents were not on notice of the cause of action until July 1981, four years after the alleged wrongful act.
Upon this reasoning, I do not agree that Gasparro was wrongly decided or inconsistent with today's decision. I do, however, concur in the result reached and the holding that the statute of limitations does not begin to run against a minor child's cause of action until a parent, guardian or next friend knows or reasonably should know those facts which support the cause of action. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). When a child is sexually molested, that child's knowledge of the offensive conduct is not, as a matter of law imputed to the child's parent, guardian or next friend. The question of when the statute begins to run on the child's cause of action is controlled by the factual determination of when the child's parent, guardian or next friend became aware or reasonably should have become aware of the facts which support the cause of action.
In the present case, the parents of the child have alleged in the complaint that they did not become aware of the sexual molestation of their daughter until July 1981. Accepting this allegation as true, as we must where the trial court grants a motion to dismiss for failure to state a claim upon which relief can be granted, the statute of limitations on the child's cause of action did not begin to run until July 1981. The lawsuit, therefore, was timely filed, and the lower court erred in granting the defendant's motion.
For the above reasons, I concur in Judge Ferguson's opinion and the reversal in this case.
BARKDULL, Judge, dissenting.
The majority opinion filed herein has, in my opinion, misconceived the issue presented in this case and therefore I must respectfully dissent. This appeal is taken from a final judgment dismissing the plaintiffs' third amended complaint with prejudice. In reviewing the propriety of the order appealed we must look to the third amended complaint and exhibits. Poulos v. Vordermeier, 327 So.2d 245 (Fla. 4th DCA 1976); Harry Pepper & Associates, Inc., v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971). A review of the count claiming the action to be on a written contract and the exhibits allegedly supporting that allegation totally fail to set forth the essential elements to be met in determining whether a contract is founded on a written instrument within the meaning of Mercy Hospital, Inc. v. Carr, 297 So.2d 598 (Fla. 3d DCA 1974). Therefore, I would find that the trial court correctly dismissed this count and that the five year statute of limitations found in Section 95.11(2)(b) Florida Statutes (1981) is not applicable.
The remaining tort counts are governed by the four year statute of limitations found in Section 95.11(3)(a) Florida Statutes (1981). The complaint shows on its face that the action was commenced more than four years from the occurrence of the events giving rise to the instant case and are thus barred by Section 95.11(3)(a), Florida Statutes (1981) unless some action on the part of the defendant has tolled the running of the statute. Here is where I disagree with the position of the majority. While it is true that the plaintiffs have alleged a fraudulent concealment of the facts giving rise to this action, seeking to toll the running the statute, nowhere in their complaint do they allege any facts to support a fraudulent concealment on the part of the defendant church. All their allegations pertain to the actions of the active tortfeasor, the employee or agent of the defendant church. A concealment by the agent where the principal has no knowledge thereof does not operate to prevent the statute of limitations from running in favor of the defendant principal. Wood v. Williams, 142 Ill. 269, 31 N.E. 681 (1892); *1147 51 Am.Jur.2d, Limitations of Actions, § 150.
Therefore, I would find that the plaintiffs failed to allege any facts in their third amended complaint necessary to toll the running of the statute of limitation as to the defendant church and would affirm the trial court's holding dismissing the cause with prejudice on the basis that it was barred by Section 95.11(3)(a) Florida Statutes (1981).

On Motion for Rehearing
PER CURIAM.
Appellee's motion for rehearing is denied.

On Motion for Rehearing En Banc
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
After oral argument, appellee's motion for rehearing en banc is denied.
SCHWARTZ, Chief Judge (dissenting).
In my judgment, the panel decision  which essentially holds that, uniquely in the case of a tort committed against a minor, the statute of limitations runs only when someone else, namely her parents, becomes or should have become aware of its commission  is directly contrary to Velazquez v. Metropolitan Dade County, 442 So.2d 1036 (Fla. 3d DCA 1983). In that case we held, in accordance with Slaughter v. Tyler, 126 Fla. 515, 171 So. 320 (1936), and Sec. 95.051(2), Fla. Stat. (1981)[1] that the statute is not subject to a special tolling doctrine merely because a child is involved.
Since a three-judge panel is not authorized to depart from a prior panel opinion, In re Rule 9.331, 416 So.2d 1127, 1128 (Fla. 1982), I think that determination of this case by the court en banc is required. And since, in turn, district courts of appeal are bound by controlling expressions of the supreme court and the legislature, I would affirm the judgment below.
BARKDULL and DANIEL S. PEARSON, JJ., concur.
NOTES
[1] The defendant-teacher is not a party to this appeal. He was never served with process.
[2] The one case which seems to support the argument of defendant-church is Gasparro v. Horner, 245 So.2d 901 (Fla. 4th DCA 1971), cited in the Velazquez decision. In Gasparro, a four-year-old was orphaned in an automobile accident in March of 1964, and she suffered serious injuries from the collision. The minor was adopted in November 1965. In April of 1968, her adoptive parents filed a negligence action, which the trial court found was barred by the four-year statute of limitations. The fourth district initially affirmed without opinion. The dissent found Slaughter distinguishable because in Slaughter, the minor, at all times, had parents who could bring the action in her behalf. In Gasparro, however, the infant had no parent, guardian, next friend, or other representative during the statutory period. The dissenter found it inconceivable to expect a minor to go out and "find" a next friend. On rehearing, the majority adhered to the affirmance but responded to the dissent, writing that in the absence of a statute, and in light of Slaughter, the limitation was not tolled despite the resultant hardship. This writer believes, as did the dissenter in Gasparro, that Slaughter is easily distinguishable, and therefore that Gasparro was wrongfully decided.

This writer responds briefly to the special concurrence. Legal relationships are usually created by court action. An administrator or guardian, for example, is named by order of the court. A next friend relationship, similarly, does not exist until some competent person is appointed by the court or on his own initiative commences an action in the name of one who is incapable of suing in his own behalf. See Russick v. Hicks, 85 F. Supp. 281, 283 (W.D.Mich. 1949) (cited in Gasparro, 245 So.2d at 903 n. 4). I disagree with the concurrence to the extent it suggests that a "next friend" exists, for the purpose of the limiting statute, even though there has been no court recognition of the relationship. See Youngblood v. Taylor, 89 So.2d 503, 505 (Fla. 1956) (a next friend is an officer of the court, especially appearing to look after the interests of the minor whom he represents). A next friend in the air, so to speak, will not do.
In response to the dissent, the majority does not rely on the doctrine of fraudulent concealment. Instead, our view is that the statute of limitations did not begin to run until the minor's parents were put on notice of the causes of action. For this reason, it does not matter here why the parents were without notice. The question whether the parents should have known of the incident prior to July 1981 is one of fact and is inappropriate for resolution on a motion to dismiss.
[1] No disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.